**BELL, Plaintiff-Appellant, v. VRATARIC, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22648.    Decided February 9, 1953.

A. W. Bell, for plaintiff-appellant.
M. R. Blane, Jerome Leiken, Cleveland, for defendant-appellee.

## OPINION

By SKEEL, PJ.:

This appeal comes to this court on questions of law from a judgment entered for the defendant in the Municipal Court of Cleveland. The action is based on two promissory notes, one note of the face value of $82.50 issued for a valuable consideration and payable in monthly installments of $8.25 beginning one month after date, dated February 27, 1939 in which Louis DeArco was maker and John M. Vrataric payee, said note bearing interest at 8% per annum. A considerable time (1942) after the maker was in default, the defendant and payee endorsed the note to the order of I. R. Rosenblatt who during 1943 collected $15.00 in three separate payments from the maker. I. R. Rosenblatt thereafter endorsed the note without recourse to the plaintiff for a valuable consideration. Being unable to locate the maker, the plaintiff brings this action against the defendant on his endorsement.

The other note was for the face value of $89.10 issued for a valuable consideration payable in monthly installments of $8.91 in which Harry G. Korman is maker, bearing date of November 29, 1939 upon which no payments have been made.

This note came into the possession of the plaintiff under the same circumstance as the first note herein described.

Upon the trial, the plaintiff produced as a witness I. R. Rosenblatt who testified in part that he received the notes from John M. Vrataric, defendant herein, "for collection agreeing to keep the proceeds in full payment for prior legal services amounting to not more than $80.00." The defendant testified about receiving the notes in the regular course of his business; that he discounted them with Merchants Finance Co. and received $150.00; that the makers defaulted in the payments as they came due whereupon the finance company demanded and he refunded the $150.00 and received the notes back. The defendant further testified that "in endorsing to Rosenblatt he did not intend to guarantee payment of the two notes in the aggregate sum of $171.00 to cover an indebtedness of only $60.00 but rather the endorsement was intended as a device whereby the said Rosenblatt might collect the same and retain the proceeds in full payment for legal services rendered."

The only question presented on this appeal is whether or not, upon the foregoing evidence, the trial court was correct in holding that Rosenblatt accepted said notes as payment in full of the debt due him from Vrataric and that by said agreement he (Rosenblatt) waived any right to hold Vrataric as a prior endorsee?

The plaintiff herein holds said notes as an assignee of Rosenblatt. His rights against the defendant are the same as if Rosenblatt was the plaintiff.

The judgment of the trial court indicates that it found from the testimony of Rosenblatt, who testified for the plaintiff, and that of the defendant that the agreement between the defendant and Rosenblatt, who at that time sustained the relationship of client and attorney, was that Rosenblatt was to take the notes in full settlement of his claim for services against this defendant agreeing to look to the maker of the notes for payment thereby releasing this defendant from further liability for his (Rosenblatt's) legal services. This being so, if Rosenblatt was plaintiff, such an agreement would clearly preclude him from seeking to enforce an endorser's liability against his client. We believe this is the proper interpretation of the agreement between Rosenblatt and the defendant and for that reason, affirm the judgment entered by the trial court.

Judgment affirmed. Exceptions noted. O. S. J.

HURD, J, KOVACHY, J, concur.